U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
MAY 27 2009
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**TIFFANY JORDAN and JESS JORDAN**                                  **PLAINTIFFS**

v.                                    CASE NO. 09-2059

**BANK OF THE OZARKS**                                              **DEFENDANT**

## COMPLAINT

Come now the Plaintiffs, Tiffany Jordan and Jess Jordan, by and through their attorneys, Welch and Kitchens, and for their Complaint, states:

**I.   JURISDICTION and VENUE**

1. Jurisdiction is based on 15 U.S.C. §1681p.

2. Venue is proper before this Court.

**II.  PARTIES**

3. The Plaintiffs are married individual residents of Johnson County, Arkansas.

4. The Defendant is a for-profit bank registered and doing business under the laws of the state of Arkansas.

**III. FACTS**

5. On or about June 1, 2007, the Plaintiffs obtained a commercial loan from the Defendant.

6. The loan amounts were $215,108.00 for a building loan and an inventory line of credit for $300,000.00.

7. In mid May, 2008, the Plaintiffs began working with the Defendant to renew the loan.

8. Soon after, the Plaintiffs made an additional $20,000.00 payment on the loans that the Defendant held.

9. As of June 1, 2008, the Defendant had not yet produced the paperwork to renew the loan.

10. Representatives of the Defendant told the Plaintiffs "not to worry" and that "everything would be ok".

11. Representatives of the Defendant told the Plaintiffs that they would not report the non-renewal of the loan to credit reporting agencies.

12. Representatives of the Defendant told the Plaintiffs that they would take no adverse action with respect to the Defendant's failure to renew the loan in a timely fashion.

13. The final day of the grace period for the loan was June 10, 2008.

14. The Defendant did not have the loan paperwork completed at that time.

15. Representatives of the Defendant told the Plaintiffs that the District Officer had to sign off on the loan and they were waiting on him.

16. The Defendant reported to the credit reporting agencies that the Plaintiffs were 35 days late on making the first payment referenced in paragraph eight.

17. The Defendant agreed to fix this mistake.

18. At the same time the Defendant reported that the Plaintiffs were $65,000.00 in default.

19. The Defendant again agreed to fix this second mistake.

20. While fixing the first error, the Defendant reported to the Plaintiffs that the $65,000.00 was never reported to the credit reporting agencies.

21. This statement was a lie.

2

22. Representatives of the Defendant again assured the Plaintiffs that "everything would be fine."

23. The Bank employees that made these representations to the Plaintiffs were Sherry Boen, Denise Key, and David Willis.

24. Gary Miller, the Bank President, also told the Plaintiffs that he was working on the loan and everything would be fine.

25. The District Officer was present at the Bank several times during the month of June, 2008, and never signed off on the paperwork.

26. Plaintiffs were told by Sherry Boen that his father was in bad health and he didn't have time.

27. The Plaintiffs had plans to leave for a two (2) week vacation on July 1, 2008. Plaintiffs told the Defendant they did not want to deal with the loan issue while they were on vacation, so they needed the paperwork completed and the payments made before they left.

28. On Friday, before the Plaintiffs left on Monday, the Bank still did not have anything and informed Plaintiff, Tiffany Jordan, that they were still working on the structuring of the loan, not just waiting on the signatures.

29. Plaintiffs left for vacation and returned on the July 12, 2008. At that point, Tiffany Jordan told the Bank they had until the end of the week or they were going somewhere else.

30. On July 16, 2008, the Plaintiffs finally signed the paperwork and made the final payments.

31. During the time the Defendant was unable or unwilling to complete the loan paperwork, the Defendant reported to the credit reporting agencies that the Plaintiffs were $65,000.00 behind in their payments on the loans.

32. This was incorrect, and the Defendant knew, or should have known, this report to the credit agencies was completely incorrect.

33. In December, 2008, Jason James at Liberty Bank found the error on the Plaintiffs' credit report while they were attempting to obtain credit.

34. After multiple requests, the Defendant has refused to correct the error.

35. The Defendant has told the Plaintiffs it was their responsibility to fix the problem.

36. The Plaintiffs have sustained damages described more fully herein by the intentional acts of the Defendant.

## IV. VIOLATION OF 15 U.S.C. §1681s-2(a)(1)(A)

37. Plaintiffs incorporated the Paragraphs above as if set forth herein verbatim.

38. The Defendant violated 15 U.S.C. §1681s-2(a)(1)(A) which provides a person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

39. The Defendant knew the Plaintiffs were not behind on their loan payments and had no reason to report that they were behind.

40. This intentional act by the Defendant damaged the Plaintiffs.

## V. DAMAGES

41. The intentional misreporting by the Defendant damaged the Plaintiffs as follows:

    a. Damaged the Plaintiffs' credit score;
    b. Damaged the Plaintiffs' ability to obtain credit;
    c. Damaged the Plaintiffs ability to finance merchandise for their retail store;
    d. Increase in interest rates paid by the Plaintiffs; and

  e.  Emotional distress.

  42.  These damages sustained by the Plaintiffs include compensatory damages in excess of the amount for Federal diversity jurisdiction ($75,000.00).

  43.  Plaintiffs also pray for punitive damages against the Defendant in an amount to deter such conduct in the future. That amount should exceed the amount for Federal diversity jurisdiction ($75,000.00).

  WHEREFORE, Plaintiffs pray for a judgment against the Defendant for compensatory and punitive damages in excess of the amount for Federal diversity jurisdiction, for attorneys fees and costs associated with bringing this action; and for all other just and proper relief.

Respectfully Submitted,

*/s/ Lloyd W. Kitchens*

Lloyd W. "Tre" Kitchens, III
Ark. Bar No. 99075
Welch and Kitchens, LLC
One Riverfront Place, Suite 413
North Little Rock, AR 72114
(501) 978-3030 Telephone
(501) 978-3050 Facsimile
Tkitchens@welchandkitchens.com Email

5

## VERIFICATION

I have read the above and foregoing and it is true and correct to the best of my knowledge, information and belief.

Wherein I set my hand and seal this 19th day of May, 2009.

_____
Tiffany Jordan, Plaintiff

_____
Jess Jordan, Plaintiff

STATE OF ARKANSAS    )
                     )ss.
COUNTY OF PULASKI    )

SUBSCRIBED AND SWORN TO before me, a Notary Public, this 19th day of May, 2009.

SARAH E. MARCHESE
White County
My Commission Expires
May 19, 2009

_____
Notary Public

My Commission Expires: 5/19/2009

6